UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICE ALEXANDER,

        Plaintiff,

-v-

        Case No.
        Judge:
        Magistrate Judge:

MANA PRODUCTS, INC.,

        Defendant.
_____/

BOGAS & KONCIUS P.C.
Kathleen L. Bogas (P25164)
Brian E. Koncius (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff PATRICE ALEXANDER, by and through her attorneys, BOGAS & KONCIUS P.C., and states as follows for her COMPLAINT:

### PARTIES AND JURISDICTION

1.    Plaintiff PATRICE ALEXANDER resides in Novi, Oakland County, Michigan.

2. Defendant MANA PRODUCTS, INC. is a New York corporation which is located in and does business in the State of Michigan, including within the jurisdiction of the Eastern District of Michigan.

3. Plaintiff was an employee of Defendant and was terminated by Defendant.

4. This action arises under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e, *et seq.*; and Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), M.C.L.A. § 37.1101, *et seq*.

5. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's state law claims.

6. This Court also has jurisdiction of all claims pled herein pursuant to 28 U.S.C.A. §1332 as there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of costs, interests, and attorney fees.

7. Defendant is an employer and Plaintiff was its employee within the meaning of the ELCRA and Title VII.

8. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging 1) sex harassment and

discrimination and 2) retaliation for engaging in statutorily protected activity within 300 days of the commission of the unlawful employment practices alleged in this claim.

9. Plaintiff has asserted her claims under Title VII in this Complaint within 90 days of receiving her notice of rights from the EEOC dated March 28, 2016.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs.

11. Plaintiff commenced her employment with Defendant on August 5, 2013.

12. Plaintiff's last position with Defendant was as its Director of Retail and Contract, based in and operating out of Novi, Michigan.

13. At all times relevant hereto, Plaintiff performed her job diligently and raised the level of the practice and reputation of Defendant.

14. Plaintiff was never provided with any policies or procedures from Defendant concerning what constitutes sex harassment and discrimination, the protections she is entitled to, how to make a report and that she would be protected from retaliation if she made such a report.

15. During her employment with Defendant, Plaintiff was subjected to unwanted sexual advances, comments, and other conduct by Defendant's agents, servants, and/or employees including Defendant's Chief Financial Officer.

16. During her employment with Defendant and commencing in or about July 2014, Plaintiff was subjected to a sexually hostile and intimidating environment by Defendant's agents, servants, and/or employees, including Defendant's Chief Financial Officer.

17. Among other actions, Defendant's Chief Financial Officer:

   a. Made unwelcome sexual advances to Plaintiff;

   b. Engaged in unwelcome sexual conduct towards Plaintiff by, among other actions, touching her in a sexually suggestive manner, including touching her leg and kissing her;

   c. Made unwelcome sexually suggestive comments to Plaintiff, including propositioning her for sex;

   d. Made unwelcome inquiries into Plaintiff's sex life and personal relationships; and

   e. Promised/implied that Plaintiff would receive career advancement opportunities if she accepted his sexual advances.

18. All such comments and conduct were unwelcomed by Plaintiff and all sexual and physical advances were rebuffed by her.

19. Plaintiff was otherwise subjected to a hostile work environment based on sex by Defendant's agents, servants, and/or employees with unwelcome and inappropriate touching and kissing.

20. In December 2014, Plaintiff reported the sexual harassment to Defendant's Senior Vice President of Marketing who affirmed that Defendant's CFO had created an environment of fear and was responsible for making all executive decisions concerning personnel, finance, policies and procedures.

21. After Plaintiff's lack of interest was known to Defendant's Chief Financial Officer and following her reports to Defendant, Plaintiff was retaliated against by, amongst other things:

    a. Plaintiff received a reduced bonus opportunity;

    b. Plaintiff did not receive a merit increase in salary;

    c. Plaintiff did not receive promotional opportunities for which she was qualified; and

    d. Plaintiff was terminated on May 29, 2015.

## COUNT I
## QUID PRO QUO SEXUAL HARASSMENT AND HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF ELCRA

22. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

23. While employed by Defendant, Plaintiff was subjected to numerous forms of sex discrimination by Defendant and through its agents, servants and/or employees, said acts being made unlawful by Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq.*

24. Plaintiff was subjected to sexual and/or gender harassment, which was sufficiently severe or pervasive to create a hostile environment on the basis of her sex.

25. Plaintiff was subjected to quid pro quo sexual harassment:

    a. Plaintiff was subjected to unwelcome sexual conduct and/or communication; and

    b. Defendant used Plaintiff's submission to or rejection of the proscribed conduct as a factor in a decision affecting her employment

26. Defendant violated the aforementioned ELCRA by the preceding acts as stated herein.

27. Defendant violated the aforementioned ELCRA by the following:

    a. Discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of sex;

    b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

    c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and

    d. Failing to provide a work environment free from sex discrimination and sexual and/or gender harassment.

28. As a direct and proximate result of Defendant's violation of the ELCRA, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

29. As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT II**
**QUID PRO QUO SEXUAL HARASSMENT AND HOSTILE**
**ENVIRONMENT SEXUAL HARASSMENT**
**<u>IN VIOLATION OF TITLE VII</u>**

30. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

31. While employed by Defendant Plaintiff was subjected to numerous forms of sex discrimination by Defendant and through its agents, servants and/or employees, said acts being made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

32. Plaintiff was subjected to sexual and/or gender harassment, which was sufficiently severe or pervasive to create a hostile environment on the basis of her sex.

33. Plaintiff was subjected to quid pro quo sexual harassment:

    a. Plaintiff was subjected to unwelcome sexual conduct and/or communication; and

- 7 -

   b. Defendant used Plaintiff's submission to or rejection of the proscribed conduct as a factor in a decision affecting her employment

 34. Defendant violated the aforementioned Title VII by the preceding acts as stated herein.

 35. Defendant violated the aforementioned Title VII by the following:

   a. Discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of sex;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

   c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and

   d. Failing to provide a work environment free from sex discrimination and sexual and/or gender harassment.

 36. As a direct and proximate result of Defendant's violation of Title VII, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

 37. As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## <u>RETALIATION IN VIOLATION OF ELCRA</u>

38. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

39. Plaintiff engaged in conduct protected under the ELCRA, <u>i.e.</u>, complaining of the sexually discriminatory and harassing conduct of Defendant's Chief Financial Officer.

40. Defendant had knowledge of Plaintiff's protected activity.

41. Defendant subsequently took an adverse, retaliatory action against Plaintiff, <u>to wit</u>: terminating Plaintiff, and/or subjecting Plaintiff to severe or pervasive retaliatory harassment.

42. Plaintiff's protected conduct was a significant factor in Defendant's decision to retaliate against her.

43. The retaliation would not have occurred had Plaintiff not engaged in activity protected by the ELCRA.

44. Defendant's actions were retaliatory and in violation of the ELCRA.

45. As a direct and proximate result of Defendant's violation of the ELCRA, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

46. As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of

earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

47. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

48. Plaintiff repeatedly engaged in conduct protected under Title VII, i.e., complaining of, reporting, and/or opposing the discriminatory conduct of Defendant's Chief Financial Officer.

49. Defendant had knowledge of Plaintiff's protected activity.

50. Defendant, by and through their agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, terminating Plaintiff.

51. Plaintiff was subjected to harassment and other retaliatory acts by Defendant and/or its agents, servants and/or employees in retaliation for her opposition to civil rights violations and having complained about the discriminatory acts described above, in violation of Title VII.

52. Defendant's and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

53. As a direct and proximate result of Defendant's violation of Title VII, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

54. As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **RELIEF REQUESTED**

For all of the foregoing reasons, Plaintiff demands judgment against Defendant as follows:

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary and punitive damages in whatever amount she is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and

4. An award of interest, costs and reasonable attorney fees.

Respectfully submitted,

BOGAS & KONCIUS P.C.

By: /s/KATHLEEN L. BOGAS _____
Kathleen L. Bogas (P25164)
Brian E. Koncius (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com

Dated:  May 13, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PATRICE ALEXANDER,

       Plaintiff,

                                   Case No.
-v-                                 Judge:
                                   Magistrate Judge:

MANA PRODUCTS, INC.,

       Defendant.
_____/

BOGAS & KONCIUS P.C.
Kathleen L. Bogas (P25164)
Brian E. Koncius (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
_____/

## **DEMAND FOR JURY TRIAL**

     NOW COMES Plaintiff, PATRICE ALEXANDER, by and through her attorneys, BOGAS & KONCIUS P.C., and hereby demands a trial by jury of the issues in the above-captioned cause of action.

                    Respectfully submitted,

                    BOGAS & KONCIUS P.C.

                By:   /s/KATHLEEN L. BOGAS _____
                         Kathleen L. Bogas (P25164)
                         Brian E. Koncius (P69278)
                         Attorneys for Plaintiff
                         31700 Telegraph Road, Suite 160
                         Bingham Farms, MI  48025
                         (248) 502-5000
Date: May 13, 2016         office@kbogaslaw.com