UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICE ALEXANDER,

       Plaintiff,

v.

MANA PRODUCTS, INC.,

       Defendant.

Case No.  5:16-cv-11722 JEL-DRG
Judge:    Hon. Judith E. Levy

## ANSWER TO COMPLAINT AND JURY DEMAND

    Defendant Mana Products, Inc., by and through its attorneys, Seyfarth Shaw LLP, answers the Complaint and Jury Demand of Patrice Alexander as follows:

## PARTIES AND JURISDICTION

**COMPLAINT ¶ 1:**

    Plaintiff PATRICE ALEXANDER resides in Novi, Oakland County, Michigan.

**ANSWER:**

    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

**COMPLAINT ¶ 2:**

    Defendant MANA PRODUCTS, INC. is a New York corporation which is located in and does business in the State of Michigan, including within the jurisdiction of the Eastern District of Michigan.

**ANSWER:**

    Defendant denies the allegations contained in Paragraph 2 of the Complaint, except admits that Defendant is a New York corporation.

**COMPLAINT ¶ 3:**

    Plaintiff was an employee of Defendant and was terminated by Defendant.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 3 of the Complaint.

**COMPLAINT ¶ 4:**

This action arises under the Civil Rights Act of 1964 ("Title VII") 42 U.S.C.A. § 2000c, *et seq.*; and Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), M.C.L.A. § 3701101, *et seq.*

**ANSWER:**

Defendant denies the allegations contained in Paragraph 4 of the Complaint, except admits that Plaintiff purports to assert causes of action under the statutes cited in this Paragraph.

**COMPLAINT ¶ 5:**

This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1367 over Plaintiff's state law claims.

**ANSWER:**

Defendant admits that Plaintiff seeks to invoke the jurisdiction of the Court under the statutes cited in this Paragraph. Whether jurisdiction is proper calls for a legal conclusion to which no response is required.

**COMPLAINT ¶ 6:**

This Court also has jurisdiction of all claims pled herein pursuant to 28 U.S.C.A. § 1332 as there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of costs, interests, and attorney fees.

**ANSWER:**

Defendant admit that Plaintiff seeks to invoke the jurisdiction of the Court under the statute cited in this Paragraph. Whether jurisdiction is proper calls for a legal conclusion to which no response is required.

**COMPLAINT ¶ 7:**

Defendant is an employer and Plaintiff was its employee within the meaning of the ELCRA and Title VII.

27506284v.2

**ANSWER:**

Whether Defendant is an employer and Plaintiff was an employee under the statutes cited within this Paragraph calls for a legal conclusion to which no response is required.

**COMPLAINT ¶ 8:**

Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging 1) sex harassment and discrimination and 2) retaliation for engaging in statutorily protected activity within 300 days of the commission of the unlawful employment practices alleged in this claim.

**ANSWER:**

Whether Plaintiff filed timely charges with the EEOC calls for a legal conclusion to which no response is required.

**COMPLAINT ¶ 9:**

Plaintiff has asserted her claims under Title VII in this Complaint within 90 days of receiving her notice of rights from the EEOC dated March 28, 2016.

**ANSWER:**

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

**COMPLAINT ¶ 10:**

Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs.

**ANSWER:**

Defendant repeats and incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶ 11:**

Plaintiff commenced her employment with Defendant on August 5, 2013.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 11 of the Complaint.

27506284v.2

**COMPLAINT ¶ 12:**

Plaintiff's last position with Defendant was as its Director of Retail and Contract, based in and operating out of Novi, Michigan.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

**COMPLAINT ¶ 13:**

At all times relevant hereto, Plaintiff performed her job diligently and raised the level of the practice and reputation of Defendant.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶ 14:**

Plaintiff was never provided with any policies or procedures from Defendant concerning what constitutes sex harassment and discrimination, the protections she is entitled to, how to make a report and that she would be protected from retaliation if she made such a report.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

**COMPLAINT ¶ 15:**

During her employment with Defendant, Plaintiff was subjected to unwanted sexual advances, comments, and other conduct by Defendant's agents. servants, and/or employees including Defendant's Chief Financial Officer.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

**COMPLAINT ¶ 16:**

During her employment with Defendant and commencing in or about July 2014, Plaintiff was subjected to a sexually hostile and intimidating environment by Defendant's agents, servants, and/or employees, including Defendant's Chief Financial Officer.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

27506284v.2

**COMPLAINT ¶ 17:**

Among other actions, Defendant's Chief Financial Officer:

    a.    Made unwelcome sexual advances to Plaintiff;

    b.    Engaged in unwelcome sexual conduct towards Plaintiff by, among other actions, touching her in a sexually suggestive manner, including touching her leg and kissing her;

    c.    Made unwelcome sexually suggestive comments to Plaintiff, including propositioning her for sex;

    d.    Made unwelcome inquiries into Plaintiff's sex life and personal relationships; and

    e.    Promised/implied that Plaintiff would receive career advancement opportunities if she accepted his sexual advances.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

**COMPLAINT ¶ 18:**

All such comments and conduct were unwelcomed by Plaintiff and all sexual and physical advances were rebuffed by her.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

**COMPLAINT ¶ 19:**

Plaintiff was otherwise subjected to a hostile work environment based on sex by Defendant's agents, servants, and/or employees with unwelcome and inappropriate touching and kissing.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶ 20:**

In December 2014, Plaintiff reported the sexual harassment to Defendant's Senior Vice President of Marketing who affirmed that Defendant's CFO had created an environment of fear and was responsible for making all executive decisions concerning personnel, finance, policies and procedures.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

**COMPLAINT ¶ 21:**

After Plaintiff's lack of interest was known to Defendant's Chief Financial Officer and following her reports to Defendant, Plaintiff was retaliated against by amongst other things:

      a.    Plaintiff received a reduced bonus opportunity;

      b.    Plaintiff did not receive a merit increase in salary;

      c.    Plaintiff did not receive promotional opportunities for which she was qualified; and

      d.    Plaintiff was terminated on May 29, 2015.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 21 of the Complaint, and further states that Defendant awarded Plaintiff with a merit increase in salary in or about July 2014 and that Defendant eliminated Plaintiff's position on May 29, 2015.

## COUNT I
## QUID PRO QUO SEXUAL HARASSMENT AND HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF ELCRA

**COMPLAINT ¶ 22:**

Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

**ANSWER:**

Defendant repeats and incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶ 23:**

While employed by Defendant, Plaintiff was subjected to numerous forms of sex discrimination by Defendant and through its agents, servants and/or employees, said acts being made unlawful by Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq.*

**ANSWER:**

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

6

**COMPLAINT ¶ 24:**

Plaintiff was subjected to sexual and/or gender harassment, which was sufficiently severe or pervasive to create a hostile environment on the basis of her sex.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

**COMPLAINT ¶ 25:**

Plaintiff was subjected to quid pro quo sexual harassment:

    a.    Plaintiff was subjected to unwelcome sexual conduct and/or communication; and

    b.    Defendant used Plaintiff's submission to or rejection of the proscribed conduct as a factor in a decision affecting her employment.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶ 26:**

Defendant violated the aforementioned ELCRA by the preceding acts as stated herein.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

**COMPLAINT ¶ 27:**

Defendant violated the aforementioned ELCRA by the following:

    a.    Discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of sex;

    b.    Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

    c.    Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and

    d.    Failing to provide a work environment free from sex discrimination and sexual and/or gender harassment.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

**COMPLAINT ¶ 28:**

As a direct and proximate result of Defendant's violation of the ELCRA, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶ 29:**

As a further direct and proximate results of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT II
## QUID PRO QUO SEXUAL HARASSMENT AND HOSTILE
## ENVIRONMENT SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

**COMPLAINT ¶ 30:**

Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

**ANSWER:**

Defendant repeats and incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶ 31:**

While employed by Defendant Plaintiff was subjected to numerous forms of sex discrimination by Defendant and through its agents, servants and/or employees, said acts being made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**ANSWER:**

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

27506284v.2

**COMPLAINT ¶ 32:**

Plaintiff was subjected to sexual and/or gender harassment, which was sufficiently severe or pervasive to create a hostile environment on the basis of her sex.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

**COMPLAINT ¶ 33:**

Plaintiff was subjected to quid pro quo sexual harassment.

    a.    Plaintiff was subjected to unwelcome sexual conduct and/or communication; and

    b.    Defendant used Plaintiff's submission to or rejection of the proscribed conduct as a factor in a decision affecting her employment.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

**COMPLAINT ¶ 34:**

Defendant violated the aforementioned Title VII by the preceding acts as stated herein.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

**COMPLAINT ¶ 35:**

Defendant violated the aforementioned Title VII by the following:

    a.    Discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of sex;

    b.    Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

    c.    Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and

    d.    Failing to provide a work environment free from sex discrimination and sexual and/or gender harassment.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 35 of the Complaint.

**COMPLAINT ¶ 36:**

As a direct and proximate result of Defendant's violation of Title VII, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

**COMPLAINT ¶ 37:**

As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT III
## RETALIATION IN VIOLATION OF ELCRA

**COMPLAINT ¶ 38:**

Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

**ANSWER:**

Defendant repeats and incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶ 39:**

Plaintiff engaged in conduct protected under the ELCRA, i.e., complaining of the sexually discriminatory and harassing conduct of Defendant's Chief Financial Officer.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

27506284v.2

**COMPLAINT ¶ 40:**

Defendant had knowledge of Plaintiff's protected activity.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

**COMPLAINT ¶ 41:**

Defendant subsequently took an adverse, retaliatory action against Plaintiff, to wit; terminating Plaintiff, and/or subjecting Plaintiff to severe or pervasive retaliatory harassment.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

**COMPLAINT ¶ 42:**

Plaintiff's protected conduct was a significant factor in Defendant's decision to retaliate against her.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

**COMPLAINT ¶ 43:**

The retaliation would not have occurred had Plaintiff not engaged in activity protected by the ELCRA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

**COMPLAINT ¶ 44:**

Defendant's actions were retaliatory and in violation of the ELCRA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**COMPLAINT ¶ 45:**

As a direct and proximate result of Defendant's violation of the ELCRA, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

**COMPLAINT ¶ 46:**

As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

**COMPLAINT ¶ 47:**

Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

**ANSWER:**

Defendant repeats and incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶ 48:**

Plaintiff repeatedly engaged in conduct protected under Title VII, i.e., complaining of, reporting, and/or opposing the discriminatory conduct of Defendant's Chief Financial Officer.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 48 of the Complaint.

**COMPLAINT ¶ 49:**

Defendant had knowledge of Plaintiff's protected activity.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 49 of the Complaint.

**COMPLAINT ¶ 50:**

Defendant, by and through their agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, terminating Plaintiff.

27506284v.2

**ANSWER:**

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

**COMPLAINT ¶ 51:**

Plaintiff was subjected to harassment and other retaliatory acts by Defendant and/or its agents, servants and/or employees in retaliation for her opposition to civil rights violations and having complained about the discriminatory acts described above, in violation of Title VII.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

**COMPLAINT ¶ 52:**

Defendant's and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 52 of the Complaint.

**COMPLAINT ¶ 53:**

As a direct and proximate results of Defendant's violation of Title VII, as aforestated, Plaintiff has suffered both emotional distress injuries and the physical effects associated therewith.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

**COMPLAINT ¶ 54:**

As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 54 of the Complaint.

27506284v.2

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable limitations periods.

## THIRD DEFENSE

This action should be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) because the requirements of Section 1404(a) are satisfied and the relevant considerations strongly favor such a transfer.

## FOURTH DEFENSE

Defendant did not engage in the purported sexual harassment or retaliation against Plaintiff.

## FIFTH DEFENSE

Defendant at all times exercised the requisite and reasonable care to prevent and correct promptly any unlawful discrimination, harassment, and retaliation, including having a readily accessible and effective policy for reporting and resolving complaints of unlawful discrimination, harassment, and retaliation.

## SIXTH DEFENSE

Plaintiff unreasonably failed to avail herself of Defendant's preventative and corrective efforts to avoid any unlawful discrimination, harassment, and retaliation, including Defendant's readily accessible and effective policy for reporting and resolving complaints of unlawful discrimination, harassment, and retaliation.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

Defendant's actions with regard to Plaintiff were at all times motivated by legitimate business reasons.

## NINTH DEFENSE

Defendant took no tangible, adverse action against Plaintiff that was attributable to her sex or any reporting of allegedly unlawful employment practices.

## TENTH DEFENSE

Plaintiff has sustained no damages proximately caused by any conduct of Defendant.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, or her recoverable damages should be reduced, because she failed to mitigate her damages.

## TWELFTH DEFENSE

Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages.

## THIRTEENTH DEFENSE

Plaintiff's claims under the Elliott-Larsen Civil Rights Act are barred because the ELCRA does not extend extraterritorially in this case and does not cover Plaintiff's employment with Mana, which was based in New York.

## FOURTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## **FIFTEENTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred because this Court is an improper venue for this matter.

## **RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Defendant reserves the right to amend this Answer and to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

WHEREFORE, Defendant prays that the Court enter a judgment:

1. dismissing the Complaint on the merits with prejudice in its entirety;
2. granting Defendant its costs, including attorneys' fees, incurred in this action; and
3. granting Defendant any further relief that the Court may deem just and proper.

Dated: June 30, 2016

SEYFARTH SHAW LLP

By: /s/ Erin D. Foley
    Erin D. Foley
    131 South Dearborn Street, Suite 2400
    Chicago, IL 60603
    (312) 460-5000 (telephone)
    (312) 460-7000 (facsimile)
    EDFoley@seyfarth.com

    Loren Gesinsky
    620 Eighth Avenue, Suite 3200
    New York, NY 10018
    (212) 218-5557 (telephone)
    (917) 344-1312 (facsimile)
    lgesinsky@seyfarth.com

    *Attorneys for Defendant*

27506284v.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Brian E. Koncius
>Kathleen L. Bogas
>LAW OFFICE OF KATHLEEN L. BOGAS, PLLC
>31700 Telegraph Road, Suite 160
>Bingham Farms, MI 48025
>office@bogaslaw.com

Furthermore, I hereby certify that I have mailed by United States Postal Service a true and correct copy of the aforementioned paper to the following non-ECF participants.

>None.

>/s/ Erin D. Foley
>Erin D. Foley
>SEYFARTH SHAW LLP
>131 South Dearborn Street, Suite 2400
>Chicago, IL 60603
>(312) 460-5000 (telephone)
>(312) 460-7000 (facsimile)
>EDFoley@seyfarth.com

27506284v.2