UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICE ALEXANDER,

        Plaintiff,

-v-

MANA PRODUCTS, INC.,

        Defendant.
_____/

Case No. 5:16-cv-11722
Judge: Judith E. Levy
Magistrate Judge: David R. Grand

| | |
|---|---|
| BOGAS & KONCIUS P.C.<br>Kathleen L. Bogas (P25164)<br>Brian E. Koncius (P69278)<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, MI  48025<br>(248) 502-5000<br>office@kbogaslaw.com<br><br>Attorneys for Plaintiff | SEYFARTH SHAW LLP<br>Erin D. Foley<br>131 S. Dearborn Street, Suite 2400<br>Chicago, IL 60603<br>(312) 460-5000/Fax: (312) 460-7000<br>EDFoley@seyfarth.com<br><br>Loren Gesinsky<br>New York Bar No. 2661981<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 218-5557/Fax: (212) 218-5526<br>lgesinsky@seyfarth.com<br><br>Attorneys for Defendant |

_____/

# RULE 26(f) JOINT DISCOVERY
# AND CASE MANAGEMENT PLAN

The Parties, Patrice Alexander ("Plaintiff") and Mana Products, Inc. ("Defendant") through their undersigned counsel, and pursuant to the Court's December 13, 2016 Notice to Appear for Case Management Status and Scheduling Conference, submit the following Rule 26(f) Joint Discovery and Case Management Plan:

1. **Brief Summary Of The Case:**

**Plaintiff:** Plaintiff was hired by Defendant on or about August 5, 2013 as Director of Retail working out of her home office in Novi, Michigan. In July 2014 the sexual harassment of the Chief Financial Officer Nicos Nicolaou began, shortly after he was hired. Mr. Nicolaou made unwelcome sexual advances to Plaintiff, touched her in a sexually suggestive manner, propositioned her for sex, made unwelcome inquiries into her sex life and personal relationships, and promised that she would receive career advancement opportunities if she accepted his sexual advances. Plaintiff rebuffed his advances.

In December 2014 Plaintiff discussed the sexual harassment with Defendant's Senior Vice President of Marketing who affirmed that the CFO had created an environment of fear and that he was responsible for making all executive decisions concerning personnel, finance, policies and procedures. Plaintiff never received an employment manual with any policy or procedure

pertaining to harassment or any unlawful employment activity and how to report same.

Plaintiff was then retaliated against including decreased bonus, no pay increase, no promotion promised as it was given to a younger male employee with lesser qualifications, and then termination on May 29, 2015. When Plaintiff was terminated she was told it was not performance based. She was replaced by a younger less experienced female.

Plaintiff timely filed a charge of discrimination with the EEOC. She received her Right to Sue Letter on or about March 28, 2016. She filed this action timely. Plaintiff brings this action for sex discrimination, including sex harassment, and retaliation under Title VII and Michigan's Elliott-Larsen Civil Rights Act.

**Defendant:** Defendant is a contract and private label cosmetics manufacturer with facilities exclusively in Long Island City, New York. On August 5, 2013, Defendant's General Manager, Paul Masturzo, hired Plaintiff as Director of Retail in and through Defendant's Long Island City Offices. In addition to having responsibilities for retail sales, Plaintiff was to help with contract sales as needed. For the contract aspects of her sales responsibilities, Plaintiff was directly supervised by Masturzo. With respect to the retail aspects of her sales responsibilities, Plaintiff was supervised by Senior Vice President Jim Burke, until

his employment was terminated on January 6, 2015; subsequently, Senior Vice President Derrick Wanner supervised the retail aspects of Plaintiff's sales responsibilities. As described in more detail below, Defendant eliminated Plaintiff's position for legitimate, non-discriminatory reasons wholly unrelated to her sex: namely, she failed to produce the desired sales results.

First, Defendant denies that Plaintiff was ever discriminated against because of her sex. As noted above, Plaintiff's position was eliminated for legitimate, non-discriminatory reasons wholly unrelated to her sex: namely, Plaintiff failed in her position to produce the desired sales results. Contrary to Plaintiff's assertions, she was not replaced by a younger, less experienced male. Plaintiff's position was eliminated at the time of her termination, and that position has not been reinstated to date. Moreover, Defendant has similarly terminated male employees who have not met their desired sales results. For example, one of Plaintiff's supervisors, Senior Vice President Jim Burke, was terminated on January 6, 2015 because the retail sales team did not meet the desired sales results. Masturzo made the decision to eliminate Plaintiff's position, after Masturzo had already made the decision to hire Plaintiff, knowing full well that she was a woman. And indeed, the elimination of Plaintiff's position and the

4

alleged harassment, which occurred seven months apart, are too attenuated to be causally connected.

Second, Defendant denies that its Chief Financial Officer, Nicos Nicolaou ("Nicolaou"), (who, notably, is not within Plaintiff's direct reporting line) ever sexually harassed Plaintiff in any way.  As an initial matter, given the limited contact between Plaintiff and Nicolaou (they only had two in-person one on one meetings: one September 4, 2014 and another meeting on October 23, 2014, with occasional amicable business communications after that time), it is Defendant's contention that Plaintiff's allegations fall far short of meeting the required "severe or pervasive" standard.  Moreover, even if Plaintiff were to have been harassed (which Plaintiff contends and Defendant denies), Plaintiff cannot feasibly assert that the alleged harassment affected the terms and conditions of her employment.  Plaintiff continued to work for Defendant for seven months after the alleged harassment without any reduction in pay, change of responsibilities, or any other potentially adverse action as a result of the alleged harassment.  Moreover, there is no evidence to support that the alleged harassment impacted the decision to eliminate Plaintiff's employment--particularly since Nicolaou was not a part of the decision to terminate Plaintiff's employment.

5

Third, Defendant denies that Plaintiff ever reported any sexual harassment to Defendant prior to her termination. It was only on June 10, 2015--two weeks after Plaintiff's position was eliminated--that Plaintiff, for the first time, raised allegations that Nicolaou sexually harassed her. Notably, this is nearly eight months after Plaintiff and Nicolaou's first in person meeting. Thus, Plaintiff cannot provide a basis to impute liability for the alleged harassment to Defendant, as Defendant has robust anti-harassment and anti-retaliation policies in place of which Plaintiff was aware of. Yet Plaintiff failed to take advantage of these policies in order to permit Defendant to remedy or address any alleged wrongdoing. Because Plaintiff failed to alert Defendant that she believed she was being harassed until after her employment ended, her claim should be precluded.

Fourth, Defendant could not have retaliated against Plaintiff for raising sexual harassment allegations. As noted above, Defendant was not made aware of Plaintiff's sexual harassment allegations until after Plaintiff was terminated--thus the decision to terminate Plaintiff clearly could not have been based on her sexual harassment allegations. Moreover, as noted above, Plaintiff's position was eliminated for legitimate, non-retaliatory reasons, namely, she failed in her position to produce the desired sales results. Defendant thus contends that Plaintiff's Complaint should be dismissed in its entirety.

2. **The Basis For Subject Matter Jurisdiction:**

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and supplemental jurisdiction over state law claims as well as diversity of citizenship.

3. **The Relationship Of This Case To Other Cases:**

The parties are not aware of a relationship, if any, to other cases.

4. **Amendment(s) of Pleadings:**

No amendments are necessary.

5. **Anticipated Motions:**

Defendant anticipates filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56 at the close of discovery.

6. **Settlement**

The parties have discussed settlement and Plaintiff has agreed to provide a settlement demand within seven (7) days.

7. **Subjects on Which Discovery is Needed [Fed.R.Civ.P. 26(f)(3)(B)]:**

**Plaintiff anticipates conducting discovery regarding:**

A. Defendant's defenses

B. Defendant's reasons, rationale and explanation for Plaintiff's termination.

**Defendant anticipates conducting discovery regarding:**

A. Plaintiff's allegations, including her claims of sex discrimination, sex harassment, and retaliation under Title VII and Michigan's Elliott-Larsen Civil Rights Act.

B. Plaintiff's claims for damages based on her allegations of sex discrimination, sex harassment, and retaliation under Title VII and Michigan's Elliot Larsen Civil Rights Act.

The parties propose a discovery cut-off of October 16, 2017 and a summary-judgment deadline of November 13, 72017.

The Parties have agreed to exchange Fed. R. Civ. P. 26(a)(1) initial disclosures by no later than February 10, 2017.

8. <u>**Electronically Stored Information   [Fed.R.Civ.P. 26(f)(3)(C)]:**</u>

At this time, the Parties do not foresee any problems relating to the disclosure or discovery of electronically stored information.  The Parties agree to produce relevant, non-privileged documents that are readily available in response to appropriate discovery requests whether those documents are maintained in paper or electronic format.  Such documents may be produced in electronic or paper format at the discretion of the producing party.  However, the non-producing party may request that documents be produced in electronic format

where there is a question as to a document's authenticity. In any case in which a party requests production of electronically stored information that has already been produced (in any format) or electronically stored information that is not readily available, the parties agree to discuss who should be the party responsible for bearing the cost of production of the electronically stored information.

9. **Claims of Privilege [Fed.R.Civ.P. 26(f)(3)(D)]:**

Neither Party is presently aware of any issues regarding claims of privilege or of protection as trial-preparation materials.

10. **Changes to Limitations on Discovery [Fed.R.Civ.P. 26(f)(3)(E)]:**

The Parties do not believe that any changes need to be made with respect to the limitations imposed on discovery by the Federal Rules of Civil Procedure or the Local Rules.

36795607v.2

11. **Other Orders [Fed.R.Civ.P. 26(f)(3)(F)]:**

The Parties will confer in an effort to resolve any issues regarding a protective order governing production and handling of confidential documents and regarding claims of privilege asserted after inadvertent production of privileged information.

**JOINTLY SUBMITTED THIS**        **BY:**

| | |
|---|---|
| Kathleen L. Bogas (P25164)<br>Brian E. Koncius (P69278)<br>BOGAS & KONCIUS PC<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, MI 48025<br>(248) 520-5000<br>Fax: (248) 520-2001<br>kbogas@kbogaslaw.com<br>bkoncius@kbogaslaw.com<br><br>Attorneys for Plaintiff | SEYFARTH SHAW LLP<br>Erin D. Foley<br>131 S. Dearborn Street, Suite 2400<br>Chicago, IL 60603<br>(312) 460-5000/Fax: (312) 460-7000<br>EDFoley@seyfarth.com<br><br>Loren Gesinsky<br>New York Bar No. 2661981<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 218-5557/Fax: (212) 218-5526<br>lgesinsky@seyfarth.com<br><br>Attorneys for Defendant |